GRANITE NATIONAL BANK *vs.* BARKER A. NEAL and trustees, and ÆTNA INSURANCE COMPANY, claimant.

Kennebec.     Opinion March 30, 1880.

*Trustee process.*

If a debt due from a supposed trustee is due to the creditor as agent, it is not attachable as his property.

ON REPORT from superior court, Kennebec county.

This was an action of debt on judgment, in which the Gardiner National Bank and Cobbossee National Bank were summoned as trustees. The Ætna Insurance Company appeared, and claimed the funds in the hands of the trustees. The disclosures of the alleged trustees, the deposition of the defendant, and the writ and return, make up the report, and the law court are to render such judgment for or against the alleged trustees and claimant as the law and facts may require. Writ was served on the trustees, May 6, 1878.

From the disclosure of Gardiner National Bank, by Geo. F. Adams, cashier, it appeared that the defendant first became a depositor in that bank, in November, 1863. The title of the account was "B. A. Neal, Agent." It so continued till January 9, 1875, when the balance was transferred to the account of "B. A. Neal," and the account appeared under that name till April 3, 1878, when the balance, $165.79, was transferred to "B. A. Neal, Agent," and the account has continued under that

name since.    The balance of the account, May 6, 1878, was $603.-40 ; and there were then outstanding checks, since paid, amounting to $492.66, which would leave a balance on his account, May 6, 1878, of $110.74. ·

From the disclosure of the Cobbossee National Bank, by Joseph Adams, cashier, it appeared that the defendant had a deposit account in that bank, in the name of "B. A. Neal, Agent," which he changed to "B. A, Neal," October 22, 1872; and then to "B. A. Neal, Agent," April 4, 1878.    The balance of that account, May 6, 1878, was $269.53.    Both trustees stated that they had been notified by the defendant and the attorney of the Ætna Insurance Company, that the money on deposit to the account, May, 6, 1878, was the property of that insurance company.

The defendant in his deposition, testified, that the balances in the banks to his account, as agent, $252.03, and $110.71, was the property of the Ætna Insurance Company ; that he was at that time indebted to that company for $619.50, less commissions, $92.92, leaving a balance of $526.58 ; that he was agent for several other companies, and was engaged in the commission business, chartering vessels.    He kept the funds of the insurance companies he represented, and his commissions and other private funds all together.    Several of the checks, amounting in all to $212, made by him on those banks, subsequent to May 6, 1878, and during that month, were to pay private and personal debts and expenses.    He further testified : "I deposited all the money I received from any and all sources, except what I used from my pocket, in said banks, without any distinction as to whom it belonged, and not one dollar of the money deposited by me in said banks, during the last six years, was my own private property. During all of that time I used up all of my commissions before and in advance of making deposits, and during all that time was indebted to said insurance companies."

*H. S. Webster*, for the plaintiff.

The addition of "Agent" to the defendant's deposit account was mere *descriptio personœ*.    *Coburn* v. *Ansart & Tr.* 3 Mass. 319.

It was made simply to cover his means from this plaintiff. There is no privity of interest or contract between the trustees and claimant, but there is between the trustees and defendant. Drake Att. § 490 ; *Skowhegan Bank* v. *Farrar*, 46 Maine, 293. Outstanding checks at the time of the service upon the trustees cannot be deducted. *Robbins* v. *Bacon*, 3 Maine, 346 ; *Bullard* v. *Randall*, 1 Gray, 605 ; *Dana et al.* v. *Third Nat. Bank*, 13 Allen, 445 ; *Hancock* v. *Colyer*, 99 Mass. 187.

Counsel further cited : Drake Att. § 491 ; *Jackson* v. *Bank U. S.* 10 Penn. St. 61 ; *Town* v. *Griffith*, 17 N. H. 165 ; *Burnham* v. *Beal*, 14 Allen, 217 ; *Folsom* v. *Haskell*, 11 Cush. 470.

If a man is to be allowed to "deposit all the money he receives from any and all sources, except what he uses from his pocket, in a bank, without any distinction as to whom it belongs," and then cover it from his creditors by writing "Agent" after his name, he has an easy method of evading the exactions of the law.

There have been no allegations of facts filed in this case by the claimant, hence there is no claimant legally in court. R. S., c. 86, § 32. The funds not being legally claimed by any one else, the trustees are clearly chargeable.

*L. Clay*, for the trustees and claimant, cited : *Dalton* v. *Dalton et als.* 48 Maine, 42 ; R. S., c. 86, § 32 ; *Simpson* v. *Bibber, & Tr.* 59 Maine, 196 ; *Burnell* v. *Weld et als. & Tr.* 59 Maine, 423 ; *Parker* v. *Wright & Tr.* 66 Maine, 392.

WALTON, J.   We think the trustees are not chargeable. The evidence satisfies us that the indebtedness of the supposed trustees was not due to the principal defendant in his own right. We are satisfied that it was due to him as agent of the Ætna Insurance Company.   And it is well settled law that if the debt due from a supposed trustee is due to the creditor as agent, or factor, it is not attachable as his property.   Cushing's Trustee Process, § § 107–110.   *Willard* v. *Sturtevant*, 7 Pick. 194 ; *Bowler* v. *E. & N. A. Railway*, 67 Maine, 395.

"When the property of a principal can be ascertained and separated, the creditors of an agent cannot be allowed to appro-

priate it to the payment of their debt." *Chapin* v. *Connecticut River Railroad Company*, 16 Gray, 69.

*Trustees discharged.*

APPLETON, C. J., BARROWS, LIBBEY and SYMONDS, JJ., concurred.